FILED
04 APR 27 PM 2:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 27 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LARRY PAUL,

    Plaintiff,

v.

BAYER AG, et al.,

    Defendants.

CIVIL ACTION NO.
04-AR-0524-S

## MEMORANDUM OPINION

The court has before it the motion of plaintiff, Larry Paul ("Paul"), to remand his above-entitled action, which was purportedly removed to this court by defendants, Bayer AG, et al., from the Circuit Court of Jefferson County, Alabama, Bessemer Division. Believing that this court should, as its first order of business, resolve any serious question about its jurisdiction, the court has declined to await the Multi-District Litigation panel's response to defendants' request that it consolidate this case with *In re Bayer Prods. Liab. Litig.*, 180 F. Supp. 2d (J.P.M.L. 2001), as a "tag along".

This removal relies upon the fact that 28 U.S.C. § 1332 gives federal courts jurisdiction over cases between citizens of different states if the amount in controversy exceeds $75,000. Both of these things are true in this case, because Paul makes no attempt to state a claim against a non-diverse defendant and seeks more than $75,000. However, 28 U.S.C. § 1446(b) requires that a removal take place within thirty (30) days after the first

appearance of facts that establish removability, and precludes a removal pursuant to 28 U.S.C. § 1332 if the case was commenced more than a year before the removal. Furthermore, 28 U.S.C. § 1446(a) requires that a notice of removal include "a copy of **all process, pleadings, and orders** served upon such defendant or defendants in such [state] action". (emphasis supplied).

Paul's remand motion contains a few errors, but only one of them need be mentioned. The court is trained to be more judgmental of the papers filed by a removing defendant than of the papers filed by a resisting plaintiff. The strong presumption against removability, arising out of the fact that this court is a court of limited jurisdiction in a federal system, calls for a careful examination of federal jurisdiction, even if no motion to remand is filed.

Paul's motion alleges that he was a plaintiff in *Guy, et al. v. Bayer AG, et al.*, CV-02-PWG-994-S, when Magistrate Judge Greene remanded that case to the Circuit Court of Jefferson County, Bessemer Division, over two years ago. This is not accurate. The truth is that Paul tacked himself on as a plaintiff in *Guy* **after** that case was remanded by Judge Greene and less than one year before the removal that is now under consideration. When this mistake was pointed out to Paul's counsel during oral argument, he retreated to the position that the date of "commencement" of his case is the date upon which *Guy* was originally filed in the state

court by the **group** of plaintiffs to which Paul was later appended, or, in other words, that he enjoys a retroactive commencement date by virtue of the fact that he joined a case having a preexisting filing date, and that his personal action, even after severance, must be deemed to have been "commenced" more than a year before this removal. The court respectfully disagrees with Paul's theory, and finds, to the contrary, that under the peculiar procedural circumstances of this case the date of the "commencement" of his case was the date upon which he first became a plaintiff by amendment to the state court complaint. Therefore, after the severance, defendants were not barred by the one-year removal limitation imposed by in § 1446(b) from removing Paul's separate case to this court, even though they were precluded from removing those severed cases in which the original plaintiffs had targeted non-diverse defendants. The logic of this analysis is confirmed by the fact that if an order of severance creates a new date of "commencement" in every case, a statute of limitations defense that would not otherwise appertain could act as a bar. This would be a result surely not intended by a state judge who orders a severance. Defendants do not seem to want to exploit the uniqueness of Paul's situation, being forced by their contemporaneous removals of other severed cases to put their eggs in the leaky basket of a new commencement date for all severed cases.

In an effort to be consistent with their position that the

order of severance began a whole bunch of new cases, triggering a removal opportunity in all severed cases in which there is no non-diverse defendant, defendants conspicuously did not attach any of the "process, pleadings and orders" from the state proceeding, except for two items: (1) the fourth amended complaint filed by thirteen plaintiffs, including Paul, on July 10, 2003, and (2) the order of severance and transfer entered on February 12, 2004.  Even on the invalid assumption that Paul's action was not "commenced" until the order of severance, § 1446(a) requires a removing defendant to include among its removal papers all "process, pleadings and orders" that provide the essential history of the case.   This case has an elaborate history, including a prior removal and remand, but the essential history is absent from this notice of removal.  For instance, where is the answer or other responsive pleading to the complaint after Paul joined it?  For further instance, although paragraph 12 of the notice of removal refers to a "stipulation of the parties that the case was due to be severed", no such stipulation is attached.  This makes it impossible to ascertain what, if anything, Paul voluntarily agreed to, and, therefore, whether he can fairly be said to have anticipated a new "commencement" date for his action, arguably providing defendants the removal opportunity they now claim.  The statute referenced by defendants in their notice of removal as the basis for the state court's order of severance is Ala. Code, §6-5-

4

546. This statute does not deal with orders of severance entered for the purpose of eliminating a misjoinder. Rather, it provides for orders of transfer for the purpose of sending cases to their proper Alabama venues. The statute cannot be construed to wipe out an earlier misfiled case and to substitute an entirely new case in the transferee court. It is the same case, the only difference being that it obtains a new case number in the courthouse of another Alabama county. The obvious analogy is to a case removed to this court from a state court. It is the same case in either court. The statute of limitations problems that would be presented if defendants' "commencement" concept were adopted would be insoluble.

Not only does Ala. Code, § 6-5-546 not create a new "commencement" date for a transferred case, but Rule 21, Alabama Rules of Civil Procedure, also referred to by defendants in their notice of removal, does not suggest a new starting date for a case severed for the purpose of resolving a misjoinder of plaintiffs. Rule 21 provides for the separation of claims without adverse consequences to the parties, except, perhaps, that a severed plaintiff may be required to pay a new filing fee.

The absence of the pertinent state court record in this case is a shortcoming that cannot be overlooked or ignored, but defendants' failure to comply with § 1446(a) is not the only flaw in this removal. The same state court order upon which defendants

rely for accomplishing the **severance**, and, according to them, that created a new commencement date, also ordered the **transfer** of Paul's case to the Circuit Court of Jefferson County, **Birmingham** Division, which, in relation to the Circuit Court of Jefferson County, **Bessemer** Division, is as much an entirely separate state court as if the transfer had been to the Circuit Court of Etowah County. The papers filed here by defendants purported to notify this court that the case was being removed from the Circuit Court of Jefferson County, **Bessemer** Division, which is the only court the defendants contemporaneously notified in purported compliance with § 1446(d). There is nothing in the notice of removal to inform this court of the status of the paperwork, if any, undertaken by the court clerk in **Bessemer** to effectuate the order of transfer to **Birmingham**. For aught appearing, the file in Paul's case was physically located in the **Birmingham** clerk's office bearing a Birmingham case number at the very moment defendants filed their notice of removal in this court on March 12, 2004. If defendants filed their notice of removal before the clerk of the court in **Bessemer** finished bundling up and transmitting the papers necessary to accomplish administratively the transfer to **Birmingham**, something that is likely, that fact does not mean that the case had not been, as a matter of theory and fact, successfully "transferred". A case, in order to be a case, must be pending in some court. Defendants, by filing their notice of removal, could

not frustrate the will of the state judge in Bessemer by somehow intercepting the case between Bessemer and Birmingham. The judge in Bessemer made it quite clear in his order that he considered Paul's case no longer to be in his court. He did not retain jurisdiction for any purpose. The case must, then, have, in actuality, been in **Birmingham** after the Bessemer judge's signature was affixed. If for no other reason than this, the purported removal to this court was ineffectual because the case was not removed from the Circuit Court of Jefferson County, **Birmingham** Division. Further proof that the case is in Birmingham is found in the fact that defendants depend upon the self same court order for their claim that an entirely separate new case was commenced, even though that case, for aught appearing, received no new case number either in Bessemer or in Birmingham. If the Bessemer order, without administrative implementation, succeeded in creating a separate case, it necessarily succeeded instantaneously in accomplishing a transfer of that same case. The judge signed a single order. If the case was severed, as defendants claim, it was also transferred. If it was not transferred, it was not severed.

    Because a case can only be removed from the court in which it is pending, and because this case was not removed from the Circuit Court of Jefferson County, **Birmingham** Division, it is, in theory at least, still in Birmingham awaiting action.

    At the risk of belaboring the point, the court asks: "When is

the moment upon which the transfer of a case takes place"? Is it when the judge enters the order of transfer, as this court believes; or is it when the clerk of the transferor court physically stamps the order "filed"; or is it when a severed and transferred case is given a new case number in the transferor court; or is it when the transferor clerk mails the order and/or file to the transferee court; or is it when the order and/or file is physically received by the transferee court; or is it when the clerk of the transferee court gives the case its new case number; or is it when the transferee clerk receives a filing fee? Defendants, who attached the single order of severance and transfer to their notice of removal, impliedly confess that the order itself was all that was necessary to effectuate the transfer. The court has already agreed with this logic.

There is at least one additional fatal flaw in this removal. It is that the removal took place more than thirty (30) days after the case became removable. At the time Paul became a plaintiff in the state court by adding himself to an existing case in which there were non-diverse defendants, he made no attempt whatsoever to state a personal claim against any non-diverse defendant. His reference to potential, fictitiously named defendants was ineffectual for the purpose of determining the existence or non-existence of diversity jurisdiction. When he attached himself to the pending case, like a tick to a hound dog, Paul clearly was

8

seeking more than $75,000 from Bayer AG, et al.  The essential elements for removal jurisdiction of Paul's case were present from the moment he became a would-be plaintiff.  It goes without saying that a tort victim cannot misjoin himself as a plaintiff in a pending case long after the statute of limitations has run on his personal claim and by doing so take advantage of the "relation back" doctrine and avoid the bar of a statute of limitations that would have barred him if he had filed a separate case.  Likewise, neither can such a plaintiff, who is still a tick and not a part of the hound dog, prevent the removal of his diverse case by the transparent device of misjoining himself to a case in which the previous plaintiffs have sued the same diverse defendants but who have also sued non-diverse defendants.  In order to avail themselves of the thirty (30) day window of opportunity for effecting a diversity removal, diverse defendants must recognize and must timely demonstrate in a notice of removal that there is no viable claim stated against any non-diverse defendant.  The voluntary **misjoinder** of a plaintiff in a situation like this one is the functional equivalent of the **fraudulent joinder** of a non-diverse defendant.  In both instances the jurisdiction of the federal court is being avoided by a plaintiff's misuse of pleading.  The diverse defendants here had only thirty (30) days from Paul's misjoinder within which to remove.  The misjoinder was as obvious when it occurred as it was when the severance was ordered.  The

mere fact that Paul did not formally recognize the misjoinder until recently does not alter the fact that the first moment of removability was when Paul first became a transparently misjoined plaintiff.

## Conclusion

For the foregoing separate and several reasons, Paul's motion to remand will be granted by separate order. Perhaps this court should attempt to remand the case to the Circuit Court of Jefferson, **Birmingham** Division, and save the Circuit Court of Jefferson County, **Bessemer** Division, the trouble of getting shed of it twice, but this court does not want to run the state court's business.

DONE this 27th day of April, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE